In the Matter of FOLGER, a Lunatic.

Where, on the petition of a relation of a lunatic, and who had re-
ceived from him a deed of a farm, a few days before the finding of
the inquisition of lunacy, an *issue* was awarded to try the fact of
lunacy, and the party, on the trial, was found to have been a luna-
tic for several years preceding; the party traversing the inquisition
was ordered to pay the *costs.*

PETITION of *Aaron Folger*, committee of the estate of       *Nov. 12th.*
the lunatic, stating that he was appointed committee in *Au-
gust*, 1818. That in the autumn of 1818, on the petition of
*Thomas Folger*, stating that he was grantee of a farm of the
lunatic, by deed, dated a few days before the inquisition
had been found, an issue was awarded to try the question
of lunacy. That to expedite the business, the petitioner
applied to have the issue tried at the *Rensselaer* circuit.
That *Thomas Folger* interposed a number of affidavits to
prevent it, and succeeded. That the issue was to be tried
at the *Washington* circuit, and the petitioner attended with
twenty-three witnesses, but there was not time to try the
issue at that Court. That the trial of the issue was then
ordered for the *Rensselaer* circuit, and the lunatic was found
to have been *non compos*, for several years prior to the
trial. Prayer, that the said *Thomas Folger* may be order-
ed to pay the taxable costs attending the trial of the issue.

*L. Mitchell*, in support of the petition.

THE CHANCELLOR. In the case *ex parte Ward*, (6 *Ves.*
579.) a groundless petition by a stranger, for a traverse,
was dismissed with costs. So, where the heir filed a bill to
set aside a will, on the ground of the testator's insanity,

1819.

and failed, he was ordered by Lord *Hardwicke*, in *Webb* v. *Claverden*, (2 *Atk*. 423.) to pay costs. It would appear, from the case of *White* v. *Wilson*, (13 *Ves*. 87.) that when the heir demands an issue to try the testator's sanity, and fails, he will be ordered to pay costs, if he sets up insanity as a pretext. The question of costs is discretionary, and depends upon the character of the application, and the conduct of the party.

In the present case a relation of the lunatic had procured a deed from him, while a lunatic, and his interest in establishing that deed, and not concern or humanity for the lunatic, was, probably, the motive for the traverse of the inquisition. He was struggling for his own advantage ; and it is just and reasonable that he should pay the costs to which he has, without just ground, and in furtherance of his claim, subjected the estate of the lunatic.

Ordered, that *T. F.* pay the costs to be levied, within twenty days, &c.