GEORGE C. CARTER, Appellant, *v.* EMILY P. BECKWITH, as Administratrix, etc., et al., Respondents.

A case on appeal from a decision at circuit should be a transcript of the proceedings upon the trial; the General Term has no power to direct

such an alteration of the record as will cause it to state untruly the events of the trial.

Upon the trial of an action for professional services alleged to have been rendered by plaintiff as attorney in proceedings in the matter of B., a lunatic, brought against the administrators of B., it appeared that plaintiff made application to the court in the life-time of B. for an order requiring the committee of his estate to pay plaintiff's claim; that an order was granted settling the amount of the claim and directing the committee to pay the same; from this order the committee appealed; the General Term reversed the order, its decision being rendered January 22, 1875. B. died January 15, 1875. Plaintiff was thereupon nonsuited; from the judgment entered thereon he appealed. The General Term thereafter on motion directed its order of reversal to be amended so as to bear date January 5, 1875, and also ordered the amended order to be inserted in the case on appeal. On appeal from said order, *held,* that the amendment, as to date, was proper; but that the direction to insert the amended order in the case was error; that the matter should go before the General Term upon the return made to it by the court below.

(Argued June 15, 1880 ; decided September 21, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, the substance of which is hereinafter stated.

This action was brought to recover for services alleged to have been rendered by plaintiff as attorney and counsel.

In 1855 Richard Beckwith, defendant's intestate, upon inquisition in proceedings *de lunatico* was adjudged a lunatic and a committee of his person and estate was appointed. In 1871 the plaintiff made application in behalf of Beckwith that the inquisition be superseded and the committee discharged; the application was denied. Plaintiff thereupon on notice to the committee applied to the Special Term for an allowance for his costs and expenses, and that the committee be directed to pay the same out of the estate. The matter was referred and upon the coming in of the report of the referee an order was made directing the committee to pay plaintiff a sum specified, with the costs of the reference, etc. From this order the committee appealed. The appeal was argued in October, 1874. The General Term, by order bearing date January 22, 1875, reversed the order of Special Term.

Beckwith died January 15, 1875. The said proceedings and orders were given in evidence on the trial of this action, and thereupon plaintiff was nonsuited. From the judgment plaintiff appealed. During the pendency of such appeal, and in October, 1879, the defendants moved for an amendment of the order of reversal so that it should bear date "as of a day in the said General Term of January, 1875, prior to the death of said lunatic." This motion was granted but no date was specified. Another application was thereupon made in January, 1880, which resulted in the order appealed from. This directed the order of reversal to be amended so as to bear date as of January 5, 1875, and also "that said order so amended be inserted in the case on which the appeal in this action is now pending."

*Amasa J. Parker* for appellant. The proceedings in the matter of Richard Beckwith abated January 15, 1875, the day of his death. (Laws 1874, chap. 446, tit. 2, § 29; 2 R. S. [Edm. ed.] 57, § 25; 2 R. S. 387, § 5; *Manchester* v. *Harrington*, 10 N. Y. 169; 3 Cow. 68; 4 id. 457; 9 Wend. 452; *Levy* v. *Garden*, 63 N. Y. 624; *Hallahan* v. *Herbert*, 57 id. 409.) The General Term had no power, either in this action or in the special proceeding, to change the date of the void order of January 22, 1875, to the 5th of January, 1875. (2 R. S. 387, § 4; *Kissam* v. *Hamilton*, 20 How. 369, 374, 376; *Morris* v. *Carson*, 7 Cow. 281; 2 R. S. 387, § 5; 10 N. Y. 164; Laws 1874, chap. 446, tit. 2, § 29.)

*John Lansing* for respondents. The appeal in the matter of Beckwith having been brought to argument, heard and submitted, the court, being in possession of the whole case, had a right and was bound to make its decision notwithstanding the death of the lunatic Beckwith. (*Beach* v. *Gregory*, 2 Abb. 203; 3 id. 78; *Hastings* v. *McKinley*, 8 How. 175–6; *Miller* v. *Gunn*, 7 id. 159, 160; *Ehle* v. *Moyer*, 8 id. 244; *DeAgreda* v. *Mantel*, 1 Abb. 130–6; *Schuchardt* v. *Remiers*, 28 How. 514, 515; *Reed* v. *Butler*, 11 Abb. 128; 2 Saunders [3 Am. ed.], 289; 2 Tidd's Pr. 1128; *Campbell* v. *Mesier*, 4 Johns. Ch. 342–345; *Davis* v. *Davis*, 9 Ves. 461.)

By the Code of Civil Procedure as it now stands, it was not necessary to revive the proceedings. (Code of Civil Proc., § 1298.) So after verdict, if a party dies, judgment may be entered as of a day prior to the death. (*Rightmyre* v. *Durham*, 12 Wend. 245 ; *Broas* v. *Mersereau*, 18 id. 653.) Even if this case had been argued and submitted after the death of Beckwith, the decision of the appeal would have been regular. (*Trelawny* v. *Bishop of Winchester*, 1 Burrows, 219–221 ; *Scranton* v. *Baxter*, 3 Sandf. 662–4 ; *P. D. & Co. of Bk. of U. S.* v. *Weisiger*, 2 Pet. 481; *Vroom* v. *Ditmas*, 5 Paige, 528–9 ; *Rogers* v. *Patterson*, 4 id. 409–413 ; *McGregor* v. *Comstock*, 28 N. Y. 237, 238.) The court, having the right to receive the record, could allow, as they did, the amended order to be inserted in the case used on the argument. (*Jarvis* v *Sewall*, 40 Barb. 449–455 ; *Bent* v. *Place*, 4 Wend. 591–597; *Dresser* v. *Brooks*, 3 Barb. 429–431; *Armstrong* v. *Percy*, 5 Wend. 535–538; *Ritchie* v. *Putnam*, 13 id. 520–524; *William* v. *Wood*, id. 126–129.)

DANFORTH, J. The case upon appeal in the "*Matter of Beckwith, a lunatic*," came before the General Term in October, 1874, and after argument was submitted to that court. The lunatic died on the 15th day of January, 1875 ; on the 22d day of that month the appeal was decided and an order thereon entered. It was right to correct this entry so that the order or decision should bear date as of a day anterior to the death of the lunatic, and to that end the defendant herein gave notice to the plaintiff of a motion to be made in October, 1879, for an amendment of the General Term order of 22d January, 1875, before referred to, so that it should bear date "as of a day in the said General Term of January, 1875, prior to the death of said lunatic." This motion was opposed by the plaintiff Carter, but was granted on the 25th of October, 1879, in these words: "Motion to amend order as to its date granted on payment of $10 costs to George C. Carter." Notice of this order was served upon, and the costs paid to, and received by Carter. No appeal was taken from the order, and

it must be deemed to have been acquiesced in. It will be noticed that no precise day is mentioned as that on which the order should be deemed to have been entered, and apparently to remedy this defect and for other purposes, a further application was made to the court on notice to the plaintiff, which resulted in the order appealed from. So far as it directs the entry of the order of 22d January to be amended so that it shall stand as of January 5th, it differs from the one before referred to, made October 25, 1879, only in this: it supplies by a specific date an evident omission in that order. To that extent it is correct, and must stand. It is urged, however, that the case on appeal from the decision at the circuit should go before the General Term upon the return made to it by the court below, and this, I think, is so.

The case upon appeal should be a transcript of the proceedings upon the trial, or so much of them as will present fairly the decision sought to be reviewed. I am aware of no authority or practice which will permit an appellate court to direct such an alteration of the record as will cause it to state untruly the events of the trial. The cases cited by the respondent's counsel (*Jarvis* v. *Sewall*, 40 Barb. 449, and others) do not go to that extent. They only show that record evidence imperfectly proved on the trial may be exhibited upon the argument before the appellate tribunal, and this for the reason that it would be idle to send a cause back for a new trial upon an exception no longer tenable, and for the same reason, a record not put in evidence upon the trial may in some cases be presented for the first time to an appellate court. If this rule applies here the defendant can avail himself of it, and with such effect as the court receiving the record shall think it entitled to.

Therefore so much of the order appealed from as directs that the amended order be inserted in the case on which the appeal in this action is now pending before the General Term should be reversed, and the rest of the order affirmed without costs to either party in this court.

All concur.

Ordered accordingly.