In the Matter of RICHARD BECKWITH, a Lunatic.

C., an attorney, on the employment of a lunatic over whose person and estate a committee had been appointed, and by permission of the court, made an application to supersede the commission, which was denied. C then applied to the court for his charges and disbursements. A portion of his claim was allowed, and an order granted directing its payment. The committee appealed to the General Term, and on January 15, 1875, after argument but before decision, the lunatic died. On January 22d the order was reversed and motion denied. The order of reversal was duly entered and served on C. February 25th, and on May 1st he appealed to this court. In June, 1879, the General Term, by order, substituted "January 5" for "January 22" as the date of the order of reversal. *Held*, that the

General Term had the power to so amend the order as to make it bear date as of a day prior to the death of the lunatic; also that it was unnecessary because of the amendment, to re-enter or re-serve the order. C. caused the order, with its substituted date, to be re-entered on September 21, 1881, and on September 26 appealed therefrom. A motion was thereafter made by C. for an order substituting the administrators of the lunatic in the proceedings in place of the committee, who had also died. *Held*, 1st, that to make applicable the provisions of the Code of Civil Procedure in regard to appeals from orders where a party "has died since the making of an order" (§ 1297), it was necessary for the moving party to treat the order appealed from as made before the death of the lunatic, who alone could be regarded as "the adverse party;" that the service of the order under the original date was effectual to limit the time of appeal, and the time expired in sixty days thereafter. 2d, that the order itself was not appealable, as it was in the discretion of the court below. 3d, upon the death of the lunatic, the power and functions of the committee ceased, and the proceedings abated; any legal claims against the estate could thereafter only be enforced in the manner prescribed by law.

Also *held*, that if the place of the committee was vacant by reason only of his death, it was to be filled, if at all, by the court which appointed him. (Code, §§ 2322, 2339.)

(Argued December 14, 1881; decided January 17, 1882.)

MOTION to revive proceedings, and to substitute the administrators of the estate of Richard Beckwith, deceased, in the place and stead of said Richard Beckwith, and of William W. Beckwith, the committee of the person and estate of said lunatic, both having died.

The facts are sufficiently set forth in the opinion.

*Nathaniel C. Moak* for motion. Appellant is entitled to the order of revivor. (Code, §§ 1297, 1299.) The revivor should be had against the lunatic's personal representatives. (*Ferrin* v. *Myrick*, 53 Barb. 90; *Orcutt* v. *Orms*, 3 Paige, 459; *Ford* v. *Manice*, 6 Cow. 71; *Osterhout* v. *Hardenburg*, 19 Johns. 266.) No appeal could be brought from the order until it was properly entered. (Code, §§ 1304, 1325; *In re N. Y. C., etc.*, 60 N. Y. 112; *Kelly* v. *Sheehan*, 76 id. 325.) It is immaterial who caused the order appealed from to be entered in Jefferson county before this appeal.

(*People* v. *Central, etc.*, 53 Barb. 412, 416 ; *In re Rhinebeck, etc.*, 8 Hun, 34, 35 ; 4 Wait's Pr. 606; *Peet* v. *Cowenhoven*, 14 Abb. Pr. 56, 61.) Section 1297 of the Code allows an appeal from an order, when the adverse party has died since the making of it. (*Ely* v. *Holton*, 15 N. Y. 595 ; *Moore* v. *Mansert*, 49 id. 332.) The notice of appeal and undertaking confer jurisdiction to make any necessary or proper order. (*Adams* v. *Fox*, 27 N. Y. 640.)

*Mr. Lansing* opposed.

DANFORTH, J., Richard Beckwith, upon inquisition, was found to be a lunatic, and on the 29th of June, 1855, the Supreme Court assumed jurisdiction over his person and estate by the appointment of William W. Beckwith, as committee.

In 1871, on the employment of the lunatic, C., an attorney, sought to supersede the commission, and after a hearing the application was denied.

He then applied to the court for his charges and disbursements in the matter, and a referee was appointed to investigate them ; upon his report a portion of the claim was allowed by the Special Term, and an order made requiring its payment. From this order an appeal was taken by the committee to the General Term, and brought to argument in October, 1874. On the 15th of January, 1875, the lunatic died.

On the 22d of January, 1875 — until which time the matter was under consideration by the court — the order was reversed; the motion for compensation denied, and the appointment of the referee vacated. The order of the General Term was duly entered and served on C., on or about the 25th of February, 1875, and on the 1st of May, he appealed from it to the Court of Appeals. On the 20th of January, 1876, administration of the estate of Richard Beckwith was granted to Emily P. Beckwith and others, and they having advertised for claims against the estate, C., in 1877, presented to them a bill of items of his claim aforesaid. They refused to pay it, and thereupon he brought an action against them for the amount, and upon their answer issue was joined therein.

In 1878, but whether before or after this action was commenced does not appear, C. moved the Supreme Court at Special Term to revive the proceedings "In the matter of Beckwith," and continue them, against the administrators. The motion was denied: In November, 1878, the issues in the action against the administrators were brought to trial and C. nonsuited, but upon appeal by him to the General Term a new trial was granted.

The appeal to this court from the order of 22d of January, 1875, is said to be still pending, and so, for aught that appears, is the action against the administrators. The present motion seems predicated upon certain other events, viz.: in June, 1879, the then General Term having before it the appeal from the judgment of nonsuit, made an order giving leave " to the proper party to apply for an amendment of its order of January 22, as to its date." Thereupon such proceedings were had as resulted in an order substituting " January 5," in place of " January 22," as the date of the order referred to.

It would have been competent and proper, and in accordance with well-settled practice in such cases, for the court in announcing its decision upon the appeal of the committee from the order allowing costs to C., to make it bear date as of the day when the appeal was submitted, or of any subsequent day before the death of the lunatic, or, having omitted to do so, correct the record afterward; thus by either mode making it conform to the fiction by which parties and attorneys are presumed to be present in court at every stage of an action or proceeding. It was so held by us in this matter, *Carter* v. *Beckwith* (82 N. Y. 83). It is an error to suppose that by reason of this correction it became necessary to re-enter or re-serve the order. It seems, however, that C. caused the order, with its substituted date, to be re-entered on the 21st of September, 1881, and on the 26th of that month, perfected an appeal from it to this court. In his notice of appeal he also declares an intention to bring up for review the order bearing date 22d of January, and entered 25th February, 1875. He now asks for an order substituting the administrators " as adverse parties in the above-

entitled matter, in place of William W. Beckwith, and also in the place of Richard Beckwith." So far as William W. Beckwith is concerned, if his place as committee is vacant by reason only of his death, it is to be filled, if at all, by the court which appointed him, and whose servant and bailiff he was (4 Rep. 127 *b;* Shelford on Lunacy, 180 ; Code of Civil Procedure, § 2339), and by means of whom only it could exercise jurisdiction (Code, *supra,* § 2322) over the lunatic or his estate.

Nor is he one whose " heir, devisee, executor or administrator " can in any event be substituted as respondent in this matter (§ 1297, Code, *supra*)? *First,* the application is put by the counsel for the moving party upon sections 1297, 1299 of the Code, *supra,* and in considering these, Richard Beckwith the lunatic can alone be regarded as the adverse party. Section 1297 provides for a case where the adverse party has died since the making of the order appealed from, and declares, that " in a case prescribed by law, an appeal may be taken, as if he was living," but cannot be brought to a hearing until his representatives have been substituted. Section 1299 designates the court to which application may be made for such substitution. Therefore, to make these provisions at all applicable to his case, it was necessary for the moving party to treat the order appealed from as in fact made before the death of the lunatic.

It stands as of the 5th of January, 1875, and the time to appeal expired in sixty days after service of notice of the order (Code of Procedure, § 331). After that time, if the adverse party had been living, an appeal could not have been taken, and the service of the order under its original date was effectual to limit the time. ( *Wilson* v. *Palmer,* 75 N. Y. 250.) *Second,* the order itself was not appealable to this court, and therefore is not affected by section 1297. The care and custody of the lunatic and his estate were vested in the Supreme Court, and whether any, and if any, what costs and disbursements should be allowed to him, or an attorney acting in his behalf, upon an unsuccessful effort to take the lunatic and his property from its keeping, presented a question to be determined in its discretion and according to its estimate of the character of the application

and the conduct of the party (*In re Folger*, 4 Johns. Ch. 169; *In re McClean*, 6 id. 440; *In re Tracy*, 1 Paige, 580), and it was not concluded as to those matters by the order which permitted such an effort to be made, and directed the expense of certain proceedings therein to be defrayed out of and from the estate. *Third*, upon the death of the lunatic the power and functions of the committee ceased. (Laws of 1874, chap. 446, title 2, § 29, p. 575). The proceedings also in which the application of C. for costs, etc., was made, abated. Its end was accomplished. The court might, perhaps, before passing over the property to the administrators of the lunatic (Laws of 1874, § 29, *supra*), have made provision for expenses incurred while the estate was under its supervision. (*In re Clapp*, 20 How. Pr. 385). If this claim for costs was then before them, and disallowed, it must be presumed the court was influenced by reasons satisfactory to them. After this, or if the claim was not presented, their authority ceased, and any legal claim against the estate could be enforced against the administrators, but only in the manner prescribed by law.

The motion should be denied.

All concur.

Motion denied.