## *In re* DENISON'S ESTATE.

## *In re* DELAHUNTY.

*(Supreme Court, General Term, First Department.* March 31, 1892.)

ENJOINING ENFORCEMENT OF JUDGMENT—ACTION AGAINST LUNATIC.

Pending an action, defendant therein was adjudged a lunatic, and a committee of her estate was appointed, who was substituted as defendant, and by answer set up that no leave to sue him had been granted. *Held*, that he might avail himself of such defense, and it was sufficient ground for restraining enforcement of a judgment for plaintiff in the action, and that, after such judgment, leave to sue the committee should not be granted to plaintiff *nunc pro tunc.*

Appeal from special term, New York county.

Application by John Delahunty, as committee of the estate of Felicia Denison, a lunatic, to restrain the enforcement of a judgment rendered by the city court against such committee at suit of David Rosenbaum. Rosenbaum appeals from an order restraining the enforcement of such judgment, and from an order denying a motion by him for leave to sue such committee *nunc pro tunc.* Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Abram Kling*, for appellant. *Donohue, Newcombe & Cardozo*, for respondent.

PER CURIAM. It appears that on the 1st of March, 1890, an action was instituted in the city court by one David Rosenbaum, as plaintiff, against Felicia Denison, to recover upon three promissory notes. By proceedings subsequently instituted in the supreme court, said Felicia Denison was declared to

be a lunatic, and a committee of her estate was appointed by this court. Thereafter a motion was made by the plaintiff to substitute the committee as defendant in that action, which motion was granted, and thereafter, a supplemental complaint having been served, an answer was interposed, in which the defense was relied upon that the action could not be maintained, for the reason that no permission had been granted to sue the lunatic. Notwithstanding this objection, the city court proceeded, and judgment was entered against the committee, and, upon a motion being made in this court, proceedings upon such judgment were permanently stayed, and from such order this appeal is taken. We think that the committee had the right to rely upon the defense set forth in the answer that no leave to sue had been granted; and that in consequence of such defense the city court had no right to proceed in the action; and that, therefore, the order restraining the enforcement of the judgment was properly granted. It has been expressly held in a number of cases that the supreme court has authority to restrain the enforcement of asserted claims against a luna'ic's estate, and to compel the claimant to establish his demand as it may prescribe. *In re Otis,* 101 N. Y. 582, 5 N. E. Rep. 571; *In re Beckwith,* 87 N. Y. 503; *Carter* v. *Beckwith,* 128 N. Y. 312-316, 28 N. E. Rep. 582; Code Civil Proc. §§ 2320-2322, 2339. The court, having the power, was justified, under the facts shown, in making the order appealed from, and it should be affirmed, with $10 costs and disbursements. With respect to the second order appealed from, denying the application for leave to sue the committee *nunc pro tunc,* this, also, we think should be affirmed. Upon the facts appearing, the learned court very properly said that the proper procedure, in a case of this kind, would be to institute an independent action by leave of the court against the lunatic and against the committee, and the whole merits of Rosenbaum's case might be determined in such an action. This course can result in no injustice to Rosenbaum; he having proceeded in the action against the lunatic without the permission of the court, which was essential to its maintenance, should now be required to do what was necessary to enforce his claim against the lunatic. We think, therefore, that this order, also, should be affirmed, with $10 costs and disbursements. All concur.