GEORGE W. CHATTERS, CLERK, *v.* BOARD OF SUPERVISORS OF COAHOMA COUNTY.

1. FEES AND COSTS. *Circuit clerk. State cases. Itemized account. Allowance by court. Mandamus. Code of* 1892, *§* 1996.

On mandamus by the clerk of a circuit court to compel the county to pay his fees under § 1996, code of 1892, in cases where the state has failed in the prosecution, etc., the writ will be denied, on demurrer, when the petition therefor fails to show that the account for said fees allowed by the circuit court, but rejected by the board of supervisors, was itemized, for, unless itemized, it was not presented for allowance either to the court or the board of supervisors in the form contemplated by the statute.

2. CIRCUIT CLERK. *Fees for attendance and drawing jurors. Allowance therefor. Rejection by supervisors. Code of* 1892, *§* 1995.

The allowance by the circuit court to its clerk, under § 1995, code of 1892, of the sum of fifty dollars for public services not particularly provided for, being a matter within its discretion, and its allowance to him of his fees for attendance on the court and for drawing jurors being one of compensation fixed by said section, the board of supervisors is without discretion to reject the same, on presentation of the order of the court, and may be compelled, by mandamus, to provide for the payment thereof.

3. MANDAMUS.    *Account.    Writ awarded as to particular items.    Denied as
to others.    Code of* 1892, §§ 2848, 2849.

> In mandamus against a board of supervisors to compel it to allow
> an account and to direct the issuance of its warrant in payment of
> the same, the writ should be awarded as to the items thereof that
> the board has illegally rejected, although the account may con-
> tain another item that it has legally rejected, in view of the
> strongly remedial nature of the statute regulating such proceed-
> ings in this state, whereby they are assimilated to ordinary ac-
> tions at law.

FROM the circuit court of the second district of Coahoma
county.

HON. R. W. WILLIAMSON, Judge.

Petition by appellant, clerk of the circuit court, for man-
damus to compel the defendant board of supervisors to allow
and to direct the issuance of its warrant in payment of, an ac-
count allowed by the circuit court, one of the items of which
was a charge of $150 for his fees in state cases where the state
failed in the prosecution. A demurrer by defendants, the
grounds of which are indicated in the opinion, was sustained,
and the petitioner appealed.

The statute under which the $150 was allowed by the circuit
court (code of 1892, § 1996) is as follows: "The clerk's fees
in state cases where the state fails in the prosecution, or in
cases of felony where the defendant is convicted and the costs
cannot be made out of his estate, to an amount not exceeding
one hundred and fifty dollars in any one year, shall be paid out
of the county treasury, on the allowance of an itemized account
of the fees in each case by the circuit court, after its examina-
tion and approval by the district attorney, and the allowance
thereof by the board of supervisors of the county."

*R. H. Wildberger,* for the appellant.

The account involved in this suit does not belong to the class
of claims that, under § 292, code of 1892, must be adjudicated
by the board of supervisors. It arises, under §§ 1995, 1996

of the code, and after the judicial investigation and allowance of the same by the circuit court, the board is without discretion to reject it.    The duty resting on the board of making the orders necessary to secure its payment out of the county treasury is a purely ministerial one, on the nonperformance of which it is subject to mandamus.    *Jones* v. *Board of Supervisors of Lee County*, 12 So. Rep., 341.    It is idle to say that appellant had an adequate remedy by appeal to the circuit court from the order of the board rejecting the account, and also by original suit in that court.    The circuit court had already adjudicated the matter.

*Cook & Yerger*, for the appellee.

The appellant had an adequate remedy under § 290, code of 1892, providing for suits against the county, and also under § 292, which authorizes an appeal to the circuit court from the order of the board of supervisors refusing to pay any claim.

The duty devolved upon the board in respect to the claim in suit was not a purely ministerial one, as appellant supposes.

WHITFIELD, J., delivered the opinion of the court.

So far as the allowance of $150 " in cases in which the state failed in the prosecution," etc., provided for by § 1996, code 1892, is concerned, it is sufficient to say that no " itemized account of the fees in each case " is averred to have been presented to the circuit court or to the board of supervisors.    Even if the averment that the allowance was legally made could be treated as involving the averment that an itemized account was presented to the circuit court, it would remain true that no averment of presentation of such account to the board of supervisors appears, and, whether the board has discretion or not to refuse to allow this item of $150, it is clear that the itemized account must be presented to it.    The allowance without this itemized account would be illegal.    "As we understand it, the legal right referred to embraces not only the character of the

claim," says the supreme court of South Carolina, in *State* v. *Fuller*, 18 S. C., 251, "but also the form in which it is presented; and this must be determined by the state of the law and facts existing at the time the proceeding was taken. The county treasurer is a public officer, and he cannot be compelled by mandamus to pay any claim, unless it is presented in the form required by law." To the same effect are *People* v. *Elmira*, 82 N. Y., 83, last part of opinion, and authorities in note to *Ray* v. *Wilson*, 14 L. R. A., p. 778. As to this item, therefore, the mandamus was properly denied. The other items in the account consist of charges the amount of which is specifically fixed by § 1995, and $50 allowed by the circuit court, in its discretion, under paragraph (*d*) of said § 1995. As to these items, the board of supervisors has no discretion. The per diem for attendance on the circuit court, and the compensation for "drawing jurors," are fixed by the law, and the account sets out the number of days' attendance, and the services rendered in drawing jurors. The $50 allowed under paragraph (*d*), § 1995, after being properly allowed by the circuit court, must be allowed by the board of supervisors. The board has, in such case, no discretion to reject it. The order of the board of supervisors is "to be entered on the presentation of the circuit court's order." And these allowances may be made in both judicial districts of a county, when the county has two. Code 1892. § 2027*a*. These items, then, were properly allowed by the circuit court.

We have, then, this question presented: "When mandamus is asked against the board of supervisors, commanding the board to allow an account, and issue its warrant for the payment thereof, when the account is composed of items part of which have been legally allowed and part illegally allowed, and all this appears by a mere inspection of such account, and requires no investigation by proof, etc., in the proceeding for mandamus, can the mandamus be awarded as to the items of the account which have been legally allowed?"

There are many cases holding the party seeking relief by mandamus must specify "just what he wants, nothing more or less," as held in *School District* v. *Lauderbaugh*, 80 Mo., 194; and that, when a mandamus is awarded for purposes partly legal and partly not, the court will not enforce it by a peremptory writ limiting its effect, but will quash it; for, it is said, "though the court will, for the purpose of justice, mold the rule for the writ, yet it cannot mold the writ itself," as held in *Hartshorn* v. *Ellsworth*, 60 Me., 281. But both these cases are cases in which the practice was to issue an alternative writ. And, obviously, when an alternative writ issued, the greatest care was requisite in framing its mandatory clause, because the defendant was not required to look dehors that alternative writ to ascertain his duty. And nearly all the cases holding thus will be found to be cases based upon *Rex* v. *Church Trustees of St. Pancras*, 3 Adol. & E., 535, expounding the old practice in England, at a time when this writ was a prerogative writ, and not a writ of right, or cases in states wherein the practice is still assimilated to the old English practice and the alternative writ is still issued. See Tapping on Mandamus, p. 369; High on Extraordinary Legal Remedies, § 548, where it is very correctly said that the peremptory writ "is necessarily limited, as to form, by the terms of the alternative writ;" Merrill on Mandamus, §§ 296, 254–256; *Florida Central & P. R. Co.* v. *State* (Fla.), 13 South., 103, a case where an alternative writ issued.

But with us (chapter 89, code 1892) the writ is not a prerogative writ, but one of right. The occasion which calls it into exercise must be an extraordinary one, and, in that sense, it is an extraordinary legal remedy. But the procedure in a mandamus proceeding (the extraordinary occasion existing warranting the relator in invoking the writ) is assimilated to that of any ordinary action at law. We have no alternative writ; no such useless makeweight negatives the efficiency of the writ here. The petition sets forth the facts "which constitute the

plaintiff's claim," and the "same rules of pleading and proceeding applicable to actions in the circuit court shall be observed in this action," and the "judgment of the court shall be framed to meet the circumstances of the case." Sections 2848, 2849, code 1892. Mr. Merrill, in his most valuable work on Mandamus, points out the injustice resulting from the strictness of the pleadings under the ancient view, and pronounces those rules "not applicable to this country." Merrill on Mandamus, § 251. See, also, his very just criticisms in note 4, p. 322, § 260; and in § 291 he puts the precise question we are considering, and, after stating the old rule, and citing the authorities supporting it, says: "Some courts, however, have concluded to depart from the old rule, which was due to the fact that no amendments as to material matters were allowed in such proceedings, and no longer require the relator to prove all his claims. They assert, and very properly, that there should be no difference in this regard between a mandamus and any other proceeding, and that this remedy should be applied rationally." This view has been acted on by this court in *Honea* v. *Board*, 63 Miss., 171, and is unquestionably the true view.

*The judgment is reversed, demurrer overruled, and the cause remanded.*