(57 Misc. Rep. 371.)

### DUKE v. ABEL et al.

(Supreme Court, Special Term, Westchester County. January, 1908.)

ABATEMENT AND REVIVAL—ACTION BY WIFE—DEATH OF WIFE—REMOVAL BY HUSBAND.

    A husband as committee of his wife, an incompetent, brought partition, and pending the action the wife died, and the husband was entitled to an estate for life in the real property as tenant by the curtesy. *Held*, that he was entitled to an order reviving the action under Code Civ. Proc. §

757, allowing the action to be continued by him as successor in interest to his wife.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 378–402.]

Action by Matthew H. Duke, committee of Amelia K. Duke, an incompetent, against Emma E. Abel and others for partition. Motion to revive action granted.

Thomas A. McKennell, for Matthew H. Duke.

Charles W. Sinnott, for Bertha Magee.

MILLS, J. This is an action brought by Matthew H. Duke, as committee of the property of his wife, Amelia K. Duke, an incompetent person, to partition certain real property in which she owned an undivided share. After the action had been commenced and all parties served she died. Thereupon Bertha Magee, one of the defendants and the owner of another interest or share in the property, as plaintiff, brought another action for similar relief, making the other parties in interest defendants therein, including Matthew H. Duke. There having been a child born alive to Mr. and Mrs. Duke in wedlock, he, upon the death of his wife intestate, became, as tenant by the curtesy,. entitled to an estate for his life in her share of the estate. He now moves that the action be continued in his name as plaintiff, as a successor to the interests of his deceased wife. His motion is opposed by the defendant Magee, who, in turn, moves that this action be discontinued. Both motions were heard and submitted together.

It is clear, I think, that Matthew H. Duke, upon the death of his wife, became tenant by the curtesy of her share in. the real property described in the complaint, and, as such, acquired an estate in such share for his life. He therefore is to be regarded as a "successor in interest" under· section 757 of the Code of Civil Procedure; and, if this action for partition had been commenced by his wife in her own name, she not being a lunatic, he would clearly, under said section, be entitled to have the action revived and continued by him as plain-.tiff ·in her place. I think that, although this action was brought in his name as committee, yet, it having been brought in her right, she is to be deemed to have been the real "sole plaintiff" under said section. Such seems to me to be held in effect in the case of Matter of Beckwith, 87 N. Y. 503, 507, and as well to be agreeable to sound reasoning.

His motion, therefore, that the action be revived and continued in his name as plaintiff, is granted, and the motion of the defendant Bertha Magee, that the action be discontinued, is denied. Ordered accordingly.