OPINION OF THE COURT
Louis D. Laurino, S.
This is a proceeding to compel specific performance of a contract to sell real property which was transferred to this court by the Supreme Court on the grounds that the real estate in question or the proceeds of its sale were assets of the decedent’s estate.
The parties to the present proceeding are the administrator of the decedent’s estate and the assignee of the vendee of the original contract of sale who now moves for summary judgment dismissing the answer filed by the administrator.
The contract to sell the real property was entered into by the decedent’s conservator, who brought a proceeding in the *1080 Supreme Court as required by RPAPL article 17. The Supreme Court appointed an appraiser, apparently held an auction, amended the terms of the contract by raising the selling price and entered an order approving the amended contract of sale and directing the conservator to sell the property in accordance to its terms. Shortly thereafter the decedent died, prior to consummation of the sale and delivery of the deed. A few months thereafter the vendee moved in the Supreme Court for the rescission of the contract of sale and return of her deposit. No order was ever entered on this motion. There is a pencil notation on the papers stating "argued — application denied — lack of jurisdiction.” Apparently, the vendee thereafter assigned what rights she had in the contract to the present petitioners who, when an administrator was appointed, commenced this action in the Supreme Court.
The answer raises a number of issues which revolve around the validity and effect of the Supreme Court orders and proceedings.
The first of these is whether the order of the Supreme Court directing the sale of the conservatee’s real property became void upon her death.
SCPA 1921 (1) provides that where a decedent dies seized of real property after he has made a contract for the conveyance thereof remaining unexecuted at his death his fiduciary or successor may make a deed reciting the contract and conveying the real property.
The statute goes on to allow the vendor’s fiduciary, distributees, devisees or assignees to file a petition praying for confirmation of the conveyance, while the vendee, his fiduciary, distributees, devisees or assignees may petition that the conveyance be made or delivered.
The rationale behind the statute has been set forth by Surrogate Wingate in Matter of Maguire (161 Misc 219, 225): "It is primary and thoroughly established in the law, that upon the execution of a contract for the sale of real property, the land becomes the equitable property of the vendee, while the vendor or vendors hold the legal title merely as trustees for the purchaser, and as security for the performance of his contractual agreements. * * * Upon his performance of his obligations, he is entitled to receive a conveyance from the person or persons in whom bare legal title resides at the moment. If this has devolved to heirs at law in the ordinary *1081 processes of intestate succession, these will be compelled to make the conveyance”.
In contrast to this, the interest of a committee and by extension through the Mental Hygiene Law and the Real Property Actions and Proceedings Law, of a conservator, in the real property of his ward has been stated thus by the Court of Appeals in Matter of Merritt (278 NY 74, 77): “The committee is a mere custodian and conservator of the real property of the incompetent. He has no right to use or dispose of it except under the direction of the court. The legal title is in the incompetent * * *. He does not stand in the position of an executor who has the power of sale under a will or whether there was of necessity, under the terms of a will, an equitable conversion. The committee neither receives, distributes or delivers the real property of the incompetent within the meaning of those terms [stated] in subdivision 5 of section 285 [now SCPA 2307] of the Surrogate’s Court Act.”
It is the contention of the administrator that upon the death of the decedent the authority of the conservator and the court over the decedent’s property ceased and the proceeding to sell the real property abated (see, Matter of Beckwith, 87 NY 503; Carter v Beckwith, 128 NY 312).
The petitioner assignees contend that authority over decedent’s real property remains in the court and that the order is valid and enforceable (see, Matter of Sturm, 54 AD2d 999).
In Sturm (supra), the court held that the authority of the committee could continue through a final account for certain reasons. In the proceeding had in this conservatorship, the vendee or the assignees were apparently not cited on the conservator’s account.
Another defense raised by the administrator appears to be that newly discovered evidence shows that the appraisal which was ordered in connection with the proceeding in the Supreme Court was erroneous and that a new appraisal should be had. This would almost appear to be a motion for reargument or an appeal.
The administrator also claims that the contract was rescinded while the assignees say no. Both sides refer to the motion in the Supreme Court in which it appears no order was ever entered to support their position on this issue.
It is clear that in the present matter what is sought is not specific performance of the contract entered into by the conservator but enforcement of the order of the Supreme Court in *1082 regard to that contract. Enforcement of an order is generally within the exclusive jurisdiction of the court which issued it.
When a matter is transferred from the Supreme Court to a lower court it has been found to be an abuse of discretion to set aside orders that have been entered in the matter by the Supreme Court prior to the transfer. (See, Meltzer v City of New York, 140 NYS2d 304.)
In the present matter the court is called on by the petitioners to enforce the order of the Supreme Court, while the answer of the administrator in effect asks the court to find that the death of the conservatee voided that order.
For this court to act on either petition would be an abuse of discretion. Although the affairs of an estate are involved, the proceeding is still one exclusively in the jurisdiction of the Supreme Court because its order is at the crux of the matter.
Therefore, the motion is denied as the court is without jurisdiction to decide it.
Where a matter has been transferred to the Surrogate’s Court from the Supreme Court, pursuant to NY Constitution, article IV, § 19, the Surrogate’s Court may not transfer the matter back to the Supreme Court. The proper remedy where an action or proceeding has been transferred to a court that for some reason does not have the jurisdiction to decide the matter is to move in the original court for an order retransferring the matter (see, Huston v Rao, 74 AD2d 127). Accordingly, the parties are directed to so move in this proceeding in the Supreme Court.